| | |
|---|---|
| 1<br>2 | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON AT TACOMA |

<table>
<tr><td>ADRIAN HUNTER,<br><br>Plaintiff,<br><br>v.<br><br>NEW TACOMA CEMETERIES AND<br>FUNERAL HOME, a Washington non-<br>profit corporation; and JACK HARDING<br><br>Defendants.</td><td>CASE NO. C08-5406BHS<br><br>ORDER GRANTING<br>PLAINTIFF'S MOTION TO<br>DISMISS WITHOUT<br>PREJUDICE UNDER FRCP 41</td></tr>
</table>

This matter comes before the Court on Plaintiff's Motion to Dismiss Without Prejudice Under FRCP 41 (Dkt. 65). The Court has considered the pleadings filed in support of the motion, heard oral argument of counsel, and the remainder of the file herein.

On June 26, 2008, Plaintiff filed a complaint asserting claims under both federal and state law. Dkt. 1. On July 21, 2008, Defendants answered. Dkt. 7.

On September 23, 2009, the Court held a pretrial conference for this matter. Dkt. 62. On September 24, 2009, United States Magistrate Judge J. Kelley Arnold held a settlement conference. Dkt. 63. During that conference, Plaintiff moved for voluntary dismissal. Dkt. 65.

The Court held a conference call on this motion. During the call, Plaintiff informed the Court that she is a party in a concurrent action in state court, which involves similar state law claims against Defendants. *See* Pierce Superior Court cause no. 09-2-07502-1. Plaintiff requested that the Court grant her motion and dismiss her complaint without prejudice. Plaintiff acknowledge that the Court has the discretion to dismiss this action with or without prejudice.

ORDER - 1

Defendants waived notice of the motion. Defendants requested that, if the Court were to grant the motion, the Court should award attorney's fees for the pretrial conference and the settlement conference. Defendants also requested that the Court exercise its discretion and dismiss the complaint with prejudice.

Fed. R. Civ. P. 41 reads in part as follows:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

In this case, the Court finds that a dismissal of this action is appropriate in the interest of judicial economy and under the totality of the circumstances. The Court will exercise its discretion and dismiss Plaintiff's federal claims with prejudice. With regard to Plaintiff's state law claims, the Court will dismiss those claims without prejudice. Nothing in this order shall be construed to have any affect upon Plaintiff's state law claims. The Court denies Defendants' request for an award of attorney's fees.

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion to Dismiss Without Prejudice Under FRCP 41 (Dkt. 65) is **GRANTED** as stated herein.

DATED this 24th day of September, 2009.

BENJAMIN H. SETTLE
United States District Judge